# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2829<br>Appeal No. 13-2092 | **DATE** | June 12, 2013 |
| **CASE TITLE** | Harold Henry Harrington (#2011-0609098) vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to appeal *in forma pauperis* [17] is denied. The court certifies that the appeal is not taken in good faith. To proceed with his appeal, Plaintiff must either pay the appellate fees of $455 to this Court's clerk or file a motion to proceed *in forma pauperis* with the U.S. Court of Appeals for the Seventh Circuit within 30 days of entry of this order. Fed. R. App. P. 24 (a)(5). The clerk is directed to send a copy of this order to the PLRA Attorney for the U.S. Court of Appeals.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Plaintiff Harold Harrington, incarcerated at Cook County Jail, seeks to appeal this court's May 6, 2013, order, wherein this court allowed Plaintiff's complaint to proceed against Jail Officer Hudson-Ousley and Sergeant Johnson, but dismissed Sheriff Tom Dart, Cook County, and the Cook County Department of Corrections. Plaintiff alleged that Hudson-Ousley encouraged and allowed another inmate attack Plaintiff and that Johnson ignored Plaintiff's requests for medical attention. Plaintiff named Sheriff Tom Dart, Cook County, and Cook County Department of Corrections as Defendants, but neither mentioned them in the body of his complaint nor alleged any facts indicating an unconstitutional custom or policy to support a claim under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).

Apart from the fact that Plaintiff seeks to appeal a nonfinal order, for which there appears to be no appellate jurisdiction, *see* 28 U.S.C. § 1291, the issues he seeks to raise on appeal have no basis in law. Plaintiff seeks to appeal the dismissal of Tom Dart and Cook County. He contends that Dart, as sheriff, is responsible for all employees of the Cook County Jail and may be held liable for failure to train them. However, there is no vicarious liability under 42 U.S.C. § 1983, and Dart cannot be held liable strictly based upon the constitutional tort of a jail officer. Section 1983 creates a cause of action based on personal liability; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted); *see also Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Having alleged no involvement by Dart, Plaintiff states no claim against him in his individual capacity.

This Court thus looked to Plaintiff's allegations to see if he alleged a claim of an unconstitutional policy or custom. Although Plaintiff alleged that two jail employees acted with deliberate indifference to his safety and his medical needs, the alleged actions or inactions by the officers were specific to him and indicated no widespread practice of unconstitutional conduct. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000) (unconstitutional policies or customs can take three forms: an express policy that, when enforced, causes a constitutional deprivation; a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the

| STATEMENT |
|---|
| force of law; or a constitutional injury that was caused by a person with final policy-making authority). Neither Plaintiff's complaint nor his current pleadings indicate a custom or policy.<br>      For these reasons, the Court thus certifies that the appeal is not taken in good faith and denies his motion to proceed *in forma pauperis* on appeal. 28 U.S.C. § 1915(a)(3). Plaintiff must either pay the $455.00 appellate filing fee to this Court's clerk or file a motion to proceed *in forma pauperis* in the court of appeals within 30 days after service of this notice. Fed. R. App. P. 24(a)(5). |